# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. CMC MARINE INC., an Alabama Domestic Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>1. TOKIO MARINE AMERICA INSURANCE COMPANY, a foreign for profit Insurance Corporation,<br><br>　　　　Defendant. | Case No.: CIV-16-957-W |

## COMPLAINT

### A. Parties

1. Plaintiff, CMC Marine Inc., is a corporation incorporated and organized under the laws of the State of Alabama, with its principal place of business in the State of Alabama.

2. Defendant, Tokio Marine America Insurance Company, is a foreign for-profit insurance corporation, incorporated and organized under the laws of the State of New York.

3. The principal place of business for Defendant, Tokio Marine America Insurance Company, is New York, New York.

4. The Defendant, Tokio Marine America Insurance Company, is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5. This action is not related to any other case filed in this court.

## B. Jurisdiction

6. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

7. At all times material hereto, the Plaintiff, CMC Marine Inc., owned a commercial building located at 3920 South 13th Street, in Duncan, Oklahoma, which was insured under the terms and conditions of a property insurance policy, policy number CPP640307806, issued by the Defendant, Tokio Marine America Insurance Company.

8. At all times material hereto, the Plaintiff, CMC Marine Inc., complied with the terms and conditions of its insurance policy.

9. On or about May 9, 2015, the Plaintiff, CMC Marine Inc., and its affiliated buildings and structures sustained damage as a result of wind and hail, including hail damage to Plaintiff's roofing system and HVAC units. These damages are covered pursuant to the terms and conditions of Plaintiff's insurance policy.

10. Hail and wind are covered perils not limited or excluded pursuant to the terms and conditions of Plaintiff's property insurance policy.

### D. Count I: Breach of Contract

11. Plaintiff, CMC Marine Inc., hereby asserts, alleges and incorporates paragraphs 1-10 herein.

12. The property insurance policy, policy number CPP640307806 issued by Defendant, Tokio Marine America Insurance Company, was in effect on May 9, 2015.

13. Subsequent to the May 9, 2015 hail storm, Plaintiff, CMC Marine Inc., timely submitted a claim to Defendant, Tokio Marine America Insurance Company. Defendant refused to issue payment to fully repair and/or replace Plaintiff's obviously hail damaged metal roofing system and HVAC systems. Defendant's refusal to pay for repair and/or replacement of the Plaintiff's hail damaged roofing system and HVAC systems constitutes a breach of the insurance policy.

14. The acts and omissions of Defendant, Tokio Marine America Insurance Company, in the investigation, evaluation, and denial of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought. Defendant, Tokio Marine America Insurance Company, breached its contract with Plaintiff, CMC Marine Inc., by failing to conduct a reasonable

investigation of the Plaintiff's claim and by improperly denying payment and coverage for Plaintiff's obviously hail damaged roofing system and HVAC systems.

15. Defendant, Tokio Marine America Insurance Company, breached its contract with Plaintiff, CMC Marine Inc., and acted in bad faith by taking the position that the hail damage to Plaintiff's property occurred as a result of a previous storm outside of the policy period. Defendant took this position unreasonably, without evidence, and without adequate investigation. Defendant also unreasonably asserted, in denying Plaintiff's hail damage claim, that the hail damage to Plaintiff's roofing system was not "functional damage." Defendant further stated to the Plaintiff that it would conduct a real estate appraisal of the Plaintiff's property in order to determine if the hail damage to Plaintiff's buildings constituted a loss. This position is unreasonable, amounts to a breach of the pay provisions of Plaintiff's policy and violates insurance industry standards.

### E. Count II: Bad Faith

16. Plaintiff, CMC Marine Inc., hereby asserts, alleges and incorporates paragraphs 1-15 herein.

17. The acts and omissions of the Defendant, Tokio Marine America Insurance Company, in the investigation, evaluation and payment of Plaintiff's claim were unreasonable and constitute bad faith for which bad faith and extra-contractual

damages are hereby sought.

18.     Defendant Tokio Marine America Insurance Company's refusal to pay the cost to fully repair and/or replace the Plaintiff's obviously hail damaged roofing systems is a bad faith breach of Plaintiff's insurance policy. Defendant, Tokio Marine America Insurance Company, acted in bad faith by failing to conduct a reasonable investigation of the Plaintiff's claim and by improperly denying payment and coverage for Plaintiff's obviously hail damaged roofing systems and HVAC units.

19.     Defendant, Tokio Marine America Insurance Company, acted in bad faith by treating the Plaintiff as if its insurance policy included a cosmetic exclusion endorsement which reduced and/or excluded coverage for metal roofing systems dented by hail. Further, Defendant acted in bad faith by taking the position that the hail damage to Plaintiff's property occurred as a result of a previous storm outside of the policy period. Defendant took this position unreasonably, without evidence, and without adequate investigation. Defendant also unreasonably asserted in denying Plaintiff's hail damage claim that the hail damage to Plaintiff's roofing system was not "functional damage." Defendant further stated to the Plaintiff that it would conduct a real estate appraisal of the Plaintiff's property in order to determine if the hail damage to Plaintiff's buildings constituted a loss. This position is unreasonable, amounts to a breach of the pay provisions of Plaintiff's

policy, and violates insurance industry standards.

20. Defendant, Tokio Marine America Insurance Company's unreasonable refusal to pay for the damage to Plaintiff's metal roof structures and HVAC units was unreasonable, outside of insurance industry standards, and was committed in bad faith. Additionally, Defendant unreasonably ceased all communication with Plaintiff during the adjustment of the claim.

### F. Count III: Actual Fraud, Deceit, and Misrepresentation

21. Plaintiff, CMC Marine Inc., hereby asserts, alleges and incorporates paragraphs 1-20 herein.

22. During the adjustment of the claim which forms the basis of this action, the Defendant, Tokio Marine America Insurance Company, fraudulently averred to Plaintiff that Plaintiff's hail damage would be indemnified under the terms and conditions of the Plaintiff's insurance policy if a real estate appraiser determined that the value of Plaintiff's property was less than it would be had the metal roofing system not been damaged by hail.

23. At the time that the Defendant, Tokio Marine America Insurance Company, made these representations to Plaintiff, it was aware of their falsity and fully aware that the loss payment provisions of Plaintiff's insurance policy do not pay based upon the results of a real estate appraisal. Alternatively, Defendant made these assertions recklessly, without any regard as to their truthfulness.

24. The Defendant, Tokio Marine America Insurance Company, made these representations to Plaintiff with the intention that the Plaintiff, CMC Marine Inc., would rely upon them. In fact, Defendant ceased all communication with Plaintiff after making these fraudulent and false statements.

25. The Plaintiff, CMC Marine Inc., did in fact detrimentally rely on the representations made by Defendant, Tokio Marine America Insurance Company.

26. As a result of Plaintiff's reliance on the representations made by Defendant, Tokio Marine America Insurance Company, the Plaintiff, CMC Marine Inc., has sustained legally cognizable injuries, including, but not limited to, monetary losses, contract damages and extra-contractual damages.

### G. Punitive Damages

27. Plaintiff, CMC Marine Inc., hereby asserts, alleges and incorporates paragraphs 1-26 herein.

28. The unreasonable conduct of the Defendant, Tokio Marine America Insurance Company, in the handling of Plaintiff's claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiff, CMC Marine Inc., for which punitive damages are hereby sought.

### H. Demand for Jury Trial

29. The Plaintiff, CMC Marine Inc., hereby requests that the matters set forth herein be determined by a jury of its peers.

# I. Prayer

30. Having properly pled, the Plaintiff, CMC Marine Inc., hereby seeks contractual, bad faith and punitive damages against the Defendant, Tokio Marine America Insurance Company, together in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
McGrew, McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEYS FOR THE PLAINTIFF**